JOHN SAAR, JR., Appellant, v. THE CHICAGO, BURLINGTON & KANSAS CITY RAILWAY COMPANY, Appellee.

Railroads: **KILLING STOCK: DEFECTIVE GATE: FINDINGS: VERDICT.** A general verdict for the killing of plaintiff's cow, that escaped onto defendant's right of way through a gate belonging to defendant, which was specially found by the jury to be insufficient in its fastenings and out of repair at the time of the accident, is not inconsistent with a special finding which fails to determine how the gate became opened, and should not be set aside.

*Appeal from Van Buren District Court.*—HON. T. M. FEE, Judge. ·

TUESDAY, JANUARY 20, 1903.

ACTION to recover damages for the killing of plaintiff's cow on defendant's right of way, it being alleged that the animal escaped from plaintiff's premises upon said right of way by reason of a defective gate at a private crossing. Verdict for plaintiff for $250, but on defendant's motion, based on a special finding the court set aside the general verdict and rendered judgment for defendant for costs, from which plaintiff appeals.—*Reversed.*

*J. P. Starr* for appellant.

*H. H. Trimble* and *Wherry & Walker* for appellee.

MCCLAIN, J.—To entitle plaintiff to recover, it was necessary under the issues for him to show that the gate

was defective, and also that, by reason of its defective condition, the plaintiff's cow got upon the defendant's right of way. There was a special finding of the jury that, as to its fastening, the gate was not sufficient, nor in good condition and repair, at the time of the accident. But in response to the interrogatory, "How did the gate become opened at the time of the accident?" the answer of the jury was, "Don't know."

The record of the court's ruling on the defendant's motion to set aside the verdict and render judgment for defendant, shows that the action of the court sustaining the motion was based on the answer to the interrogatory last above referred to. We think this ruling was erroneous. It was not necessary for the jury to determine specifically how the gate became open, the material question being whether it was open on account of defective construction. Suppose the fastening of the gate to have been totally insufficient, so that by any one of a variety of causes, none of them due to the intervention of human agency, the gate might have been open; it would not do to say that the jury must specifically find through which one of these causes and in what particular manner it had become open at the time plaintiff's cow passed through. The answer to the interrogatory, therefore, was not such as to be necessarily inconsistent with a general verdict for plaintiff.

It is argued for the appellee that the general verdict might have been set aside because inconsistent with other of the special findings, and others are referred to in the motion; but the court based its ruling specifically on the one above quoted, and, furthermore, the others which are specified in the motion are not such as would sustain a judgment for defendant, notwithstanding the general verdict. It is not necessary to set out the other findings, as they are not relied on for appellee in argument.

Counsel for appellee insist further that, without regard to the special findings, the general verdict may have been set aside because wholly unsupported by the evidence; but the motion presented no such ground for setting aside the general verdict, nor did the court rule on any such ground. It is clear from the record that the only question presented and ruled on after the verdict was the right of defendant to have judgment on this one special finding.

The judgment is therefore REVERSED.